UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:17-CR-133 |
| ) | |
| RYAN HECK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before me on Ryan Heck's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic. [DE 28.] Heck is a 31 year old male currently incarcerated at FCI Milan in Milan, Michigan, which is an institution with a low rate of infection. Heck does not have any underlying health conditions, and he believes he already contracted the virus at the facility, but he seeks relief so that he does not become re-infected. In accordance with my order dated September 16, 2020, the Federal Defender's Office reviewed this case, but determined it could not assist Heck. [DE 30.] Therefore, I decided to rule on the motion pro se. The Government filed a memorandum in opposition on October 2, 2020, as well as sealed medical records. [DE 33.] To date, Heck has not filed a reply.

I'll begin with the procedural background of the case, like usual. Heck was charged in a two-count indictment on October 18, 2017. [DE 1.] Count One was for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and Count Two was for receipt of child pornography in violation of 18 U.S.C. 2252(a)(2) and (b)(1). He pleaded

guilty on November 27, 2017 to Count Two. The Presentence Report indicates that while Heck was on probation after a conviction for possession of child pornography, and as a registered sex offender, he began online communications with a 14-year old child. [PSR, DE 20 ¶¶ 14-15.] Pursuant to the terms of his probation, Heck was prohibited from accessing the Internet without permission from his probation officer, and he was forbidden to possess obscene materials or child pornography. [*Id.* ¶ 13.] Nevertheless, he repeatedly asked the 14-year old child to send him explicit photos, calling her pet names, and eventually receiving almost 30 explicit photos of the child. [*Id.* ¶¶ 16, 13.] In the plea agreement, Heck admitted to asking and encouraging the 14-year old to send explicit photos, and to receiving more than 20 nude photos of her. [DE 11 ¶ 8(a).] He admitted he was on probation at the time for another child pornography offense. [*Id.* ¶ 8(b).] On March 12, 2018, I sentenced Heck to a term of imprisonment of 180-months to be followed by 5 years supervised release. [DE 25.]

In his pro se motion, Heck claims he became very ill with flu-like symptoms and he lost his senses of taste and smell in early April 2020. [DE 28 at 1.] He argues he is entitled to compassionate release because of: (1) his exemplary record with respect to prison; (2) his work ethic; and (3) "strict psychological alterations adducing prima facie change pursuant to 3553(a)." [DE 28 at 2.] He claims that FCI Milan is a ravaged, deplorable facility, and Heck is concerned that he will become ill during a second wave of COVID-19. [*Id.* at 2-3.]

The instant request is for compassionate release under the First Step Act. Heck

bears the burden of showing he is entitled to compassionate release. *See United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020). Compassionate release is "an extraordinary and rare event." *United States v. Mangarella*, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020).

Before addressing the merits, I must first consider the exhaustion requirement. The First Step Act provides that I can entertain a motion directly from the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Heck makes no mention of the exhaustion requirement in his motion, and the BOP was unable to locate any record of compassionate release request from Heck to the Warden at FCI Milan. [DE 33 at 12.] Consequently, Heck has not satisfied the administrative exhaustion requirement. But even if he had, I would still deny Heck's request on the merits, as explained below.

The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence

3

reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. All three considerations weigh against release in this case.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a). Heck has been convicted twice of serious child pornography crimes. Undeterred by the first conviction, he committed the instant offense while on supervised release and while registered as a sex offender. As such, I believe Heck continues to be a threat to society. Also disturbing is the fact that Heck was credited at his sentencing for acceptance of responsibility. But in his pro se motion, he makes several statements that cast doubt on his remorse or acceptance of responsibility, including he believes he "should not be imprisoned at all," he is "just a young man who[] never really got a chance at maturing in the wake of his sexuality" and "anyone 'caught' viewing photographs of young women or men should not be hurled into a danger zone like Milan." [DE 28 at 4-5.] In sum, the Section 3553(a) factors of punishment, deterrence, and promotion or respect for the law do not warrant release in this case. *See, e.g., United States v. Miezin,* 456 F.Supp.3d 911 (N.D. Ohio 2020) (denying motion for compassionate release made by a defendant who had distributed

4

child pornography on an online portal, noting that home confinement "would only serve to enhance his danger" because it would be difficult to monitor his behavior and he "could engage in his prior criminal conduct at any time from his place of home confinement."); *United States v. Cochran*, No. 2:06 CR 114, 2020 WL 2092836, at *5 (N.D. Ind. May 1, 2020) (denying motion for compassionate release where prisoner is housed at FCI Elkton and "[r]equiring defendant to serve the remainder of his sentence would promote respect for the law and provide just punishment for defendant's offense.").

In turning to whether there are "extraordinary and compelling reasons [that] warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A), I note that the pertinent policy statement is set forth in the United States Sentencing Guidelines (USSG) § 1B1.13.  This would allow me to reduce Heck's sentence if I determined extraordinary and compelling reasons warrant the reduction, Heck is not a danger to the safety of any person or the community, and the reduction is consistent with the policy statement.  USSG § 1B1.13.  The Sentencing Commission also provided specific examples of what constitutes an extraordinary and compelling circumstance, which include, *inter alia*: the defendant is suffering from a terminal illness; the defendant is suffering from a serious physical or medical condition; the death or incapacitation of the caregiver of the defendant's minor child or minor children or upon the incapacitation of the defendant's spouse/registered partner when the defendant would be the only caregiver for that spouse/registered partner; or other reasons as

5

determined by the Director of the BOP.  USSG § 1B1.13 cmt. n. 1.

Here, there are simply no compelling reasons for release.  Heck has no serious physical, cognitive, functional, or mental impairment that would substantially diminish his ability to provide self-care within the prison.  Indeed, his medical records from 2017-2020 only show that he has been treated for issues related to optometry, dentistry, and dermatology. [DE 34-4.]  Even considering the risk of COVID-19, Heck still has not produced compelling reasons for release.  He is a young man (31 years old) and seemingly has no underlying health problems that would heighten his risk of COVID-19 complications.  Heck might have had COVID-19 before, as he cites flu-like symptoms in early April 2020.  [DE 28 at 1.]  But presumably, and thankfully, he did not have any serious complications.  His fear that he might be re-infected in a second wave does not meet the high bar for compassionate release.  Indeed, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."  *United States v. Eberhart*, 448 F.Supp.3d 1086, 1090 (N.D. Cal. 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Luckily, there is an extremely low rate of COVID-19 at FCI Milan.  According to

6

the government, 1 inmate and 1 staff member have confirmed cases at the time of its response. [DE 33 at 8.]   While I am sympathetic to Heck's worries about contracting the virus (possibly for a second time), this is simply not a compelling reason for reduction in his sentence.  *See, e.g., United States v. Eldridge*, No. 07-30112-002, 2020 WL 4583633, at *2 (C.D. Ill. Aug. 10, 2020) (denying compassionate release, noting that FCI Milan has made strides to control the spread of the disease).

Finally, Heck's alleged "exemplary" prison record is also an inadequate basis for relief.  First, there are two infractions listed on his disciplinary history. [DE 33-2.] Second, even an exemplary prison record does not justify release.  *See United States v. Washington*, No. 5:13-020-DCR, 2019 WL 6220984 (E.D. Ky. Nov. 21, 2019) (defendant's claim that he "has an ideal prison record and is the prototype of a successfully rehabilitated individual" does not present an extraordinary circumstance).  The same goes for Heck's alleged good behavior.  While it is certainly commendable, it is not a basis for release.

Issues surrounding the COVID-19 pandemic are changing rapidly and new developments are occurring almost every day.  At this point, based upon all the facts before me, I do not think that Heck's sentence should be reduced and he should be released for home confinement.  If factual developments warrant a reconsideration, Heck is free to exhaust his administrative remedies, and file a new motion under § 3582(c)(1)(A).

## Conclusion

For the reasons set forth above, Ryan Heck's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 28] is DENIED.  Heck has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

SO ORDERED.

ENTERED: October 19, 2020.

      /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT